NOT FOR PUBLICATION

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE

FREDERICO GONZALEZ,          :     CIV. NO. 20-5448(RMB)
                             :
          Petitioner         :
                             :
     v.                      :         OPINION
                             :
WARDEN DAVID ORTIZ,          :
                             :
          Respondent         :
```

BUMB, District Judge

Petitioner Frederico Gonzalez, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from prison under the CARES Act. (Pet., Dkt. No. 1.) Respondent filed an answer to the Petition on May 14, 2020, opposing habeas relief. (Answer, Dkt. No. 4.) Petitioner then filed a memorandum of law and an amended petition (Am. Pet., Dkt. No. 5) seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pursuant to the First Step Act, a prisoner may seek compassionate release from the court that sentenced him. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[1] Not having sentenced Petitioner, this Court lacks jurisdiction to

---

[1] In his first declaration, Petitioner submits that he exhausted his administrative remedies for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Gonzalez Decl., Dkt. No. 7.)

1

address his request for compassionate release. Petitioner also filed a reply to the answer and two declarations. (Reply, Dkt. No. 6; Gonzalez Declaration, Dkt. Nos. 7, 9.) On June 8, 2020, Petitioner filed a motion to appoint counsel. (Mot. Appt. Counsel, Dkt. No. 8.)

The Court will consider Petitioner's original request for relief under the CARES Act. For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies and dismiss the motion to appoint counsel as moot.

I.   BACKGROUND

In his petition for writ of habeas corpus seeking release to home confinement under the CARES Act, Petitioner alleged that he has medical risk factors that could result in his death if he contracts the COVID-19 virus. (Pet., Dkt. No. 1.) Petitioner submitted an "Inmate Request to Staff" seeking consideration for home confinement under the CARES Act, but his request was denied because he has a "Low Pattern Score" for recidivism. (Ex., Dkt. No. 1-1.) In his reply brief, Petitioner asserts the Bureau of Prisons ("BOP") has not enforced the measures it claims to have taken to protect against the spread of COVID-19 and that he remains at great risk. (Reply, Dkt. No. 6.) In his second declaration, Petitioner submitted medical records in support of his argument

that he is at the highest risk of death if he contracts COVID-19. (Gonzalez Decl., Dkt. No. 9.)

Before the CARES Act was passed on March 27, 2020, 18 U.S.C. § 3624(c)(2) provided the BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-136, § 12003(b)(2). Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement. Id.

On April 3, 2020, the Attorney General authorized the BOP to immediately maximize transfers to home confinement of all appropriate inmates held at BOP facilities where the BOP Director determines that COVID-19 is materially affecting operations. (Reiser Decl., ¶11, Dkt. No. 4-2.) The BOP is currently assessing a number of factors to ensure that an inmate is suitable for home confinement including, but not limited to, reviewing the inmate's institutional discipline history for the last twelve months; ensuring that the inmate has a verifiable release plan; verifying that the inmate's primary offense is not violent, a sex offense, or terrorism related; and confirming the inmate does not have a current detainer. (Id., ¶18.) BOP has generally prioritized for

3

home confinement those inmates who have served half of their sentences or who have 18 months or less remaining in their sentences and have served 25% or more of their sentences. (Reiser Decl., ¶18, Dkt. No. 4-2.) These priority factors are subject to deviation in BOP's discretion and are subject to revision as the situation progresses. (Id., ¶19.)

As of April 13, 2020, the BOP entered Phase Six of its Action Plan to prevent the spread of COVID-19. (Reiser Decl., ¶21a)). The BOP regularly updates the resource page on its website to inform the public of its modified operations. (Id., ¶21f)).[2]

II. DISCUSSION

    A.   Standard of Law

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). 28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000). In the typical case, an

---

[2] Available www.bop.gov/coronavirus (last visited June 22, 2020).

inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

B. <u>Analysis</u>

First, Respondent asserts that the petition should be denied because Petitioner has not exhausted his administrative remedies. Petitioner has never filed an Administrative Remedy Request[3] for home confinement under the CARES Act. (Declaration of Christina Clark[4] ¶4 and Ex. 1, Dkt. No. 4-1.) Second, Respondent submits that Petitioner does not meet the eligibility requirements for discretionary release to home confinement under 18 U.S.C. § 3582(c)(2), as modified by the CARES Act. (Answer, Dkt. No. 4 at 21.) Petitioner has a "Low PATTERN" score, and any score above minimum renders an inmates ineligible for release under the present criteria. (Reiser Decl., ¶25, Dkt. No. 4-2.)

Petitioner has not offered any justification for his failure to exhaust administrative remedies prior to filing the present petition. Furthermore, Petitioner has not alleged how the BOP failed to carry out its duties under the CARES Act. If Petitioner is not receiving medical care for the conditions described in his second declaration (Dkt. No. 9), he may file a civil action under

---

[3] The Court notes that the exhibit submitted by Petitioner is an "Inmate Request to Staff." (Ex., Dkt. No. 5.) Under the BOP administrative grievance procedure, the first formal remedy request is made to the warden of the facility, after an inmate's informal request to staff is denied. <u>See</u> 28 C.F.R. § 542.14.

[4] Christina Clark is a Senior Attorney for the Bureau of Prisons at FCI Fort Dix. (Declaration of Christina Clark ¶1, Dkt. No. 4-2.)

6

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the federal analog to 42 U.S.C. § 1983, which also requires exhaustion of administrative remedies.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

An appropriate Order follows.

**Date:   June 22, 2020**

>                     s/Renée Marie Bumb
>                     **RENÉE MARIE BUMB**
>                     **United States District Judge**